Beadle v. Beadle.

---

CHAUNCEY E. BEADLE, APPELLEE, v. GEORGE W. BEADLE ET AL., APPELLEES: CHARLES ROHWER, APPELLANT.

FILED DECEMBER 22, 1917. No. 20372.

1. **Infants: PROCESS: SERVICE OF SUMMONS.** Where suit is brought by a father against his minor children, under 14 years of age, for the partition of lands in which they are tenants in common, service of summons on the minors, and on the plaintiff in the suit as their father and guardian and the person with whom they reside, is sufficient to confer jurisdiction on the court to appoint a guardian *ad litem*, and, if subsequent proceedings are regular, to decree the partition and sale of the land and divest the title of the minor defendants.

2. ———: **GUARDIAN AD LITEM: APPOINTMENT.** In the appointment of a guardian *ad litem* for a minor, there is imposed upon the court a special duty to guard the interests of the minor, and the guardian *ad litem* ought not to be selected at the suggestion of interested parties, but upon the independent judgment of the court.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Morsman, Maxwell & Crossman,* for appellant.

*George H. Simpson, John I. Negley, guardian ad litem,* and *Wayne Sawtelle, contra.*

Morrissey, C. J.

This cause is brought here under Rule 14 (94 Neb. XIII) as a case stated.

We are called upon to answer the following question: Where suit is brought by a father against his minor children, under 14 years of age, for the partition of lands in which they are tenants in common, is service of summons on the minors, and on the plaintiff in the suit as their father and guardian and the person with whom they reside, such service as is contemplated by section 7637, Rev. St. 1913, so as to confer jurisdiction on the court to decree the partition and sale of the land and divest the title of the minor defendants?

Plaintiff filed his petition praying for the partition of a tract of real estate, alleging that he was the owner of an undivided one-third interest therein, and that each of his two minor children, each under 14 years of age, was the owner of a like interest. Summons was issued, and the return thereon shows service by delivering a certified copy to each defendant personally, and the sheriff certifies that he "served the same on Chauncey E. Beadle, by delivering to him personally a certified copy of this writ, together with all the indorsements thereon, for each of said above named minors, he being the duly appointed, qualified, and acting guardian of said minors, their father, and the person with whom they now reside." There was no other service on the defendants.

Subsequently the court duly appointed a guardian *ad litem* for the minor defendants, who filed a general denial in behalf of his wards. On hearing, a decree of partition was entered, a referee appointed, and the property sold to the appellant, Charles Rohwer. After bidding off the property and making a partial payment, Rohwer concluded that the service made on the minors was not good, refused to pay the remainder of the purchase money, and asked the return of the earnest money paid. His objections were overruled, the sale

confirmed, and he was directed to pay the remainder due under his bid.

Section 7637, Rev. St. 1913, reads: "When the defendant is a minor under the age of fourteen years, the service must be upon him, and upon his guardian or father, or, if neither of these can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives."

It is admitted that service was made strictly according to the letter of the statute, and that, if some person other than the one standing in the relation of parent or guardian to the minors was plaintiff, the service is sufficient. But it is argued that because the plaintiff is the father and guardian of the minors, and a copy of the summons was served on him as such, and his interests being presumptively adverse to theirs, the service did not vest the court with jurisdiction. We are cited to the case of *Borcher v. McGuire,* 85 Neb. 648, where there is some language in the opinion that may be taken as a criticism of this form of service but the discussion was mere *obiter dictum.* To hold that this service did not confer jurisdiction would require us to read into the statute a provision that the legislature did not see fit to write.

Sections 7590, 7591, Rev. St. 1913, provide for the appointment of guardians *ad litem* by the district court to protect the interests of minors in just such cases as this. We see no reason why a parent who is the natural guardian, and who has also been appointed the legal guardian for his minor child, desiring to partition real estate, should be required to surrender his appointment as legal guardian and procure the appointment of a stranger in order that he may maintain partition of the real estate. It may be that the real estate is of little consequence, while the personal estate is very great, and it may be disadvantageous to the minor to have its parent superseded by a stranger.

Perhaps no greater responsibility rests upon a district· judge than that of guarding the interests of
minors in the partition and sale of their real estate.
But when due care is exercised in the selection of a
· guardian *ad litem,* the minors' interests· will be safe,
regardless of the relationship of the general guardian.
·The service made meets the requirements of the
statute, and the· judgment of the district court is
                                                    AFFIRMED.